

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00445-CV

_____

IN THE INTEREST OF J.G. AND A.G., CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-594719-16

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

After the trial court signed a final order in this suit to modify the parent–child relationship, Appellant Y.L.,[1] a nonparty[2] whom the trial court had enjoined in the final order, timely filed a motion to set aside the judgment. Before the trial court could rule on the motion, and during its plenary power, the children's father died. Father's parents and Y.L. then filed petitions in intervention, and Mother filed a motion to modify. The trial court dismissed Y.L.'s intervention on April 5, 2024. *See In re J.G.*, No. 02-24-00332-CV, 2024 WL 3978074, at *1 (Tex. App.—Fort Worth Aug. 29, 2024, no pet. h.) (mem. op.) (dismissing, for want of jurisdiction, Y.L.'s appeal from subsequent interlocutory associate judge's report, which noted that trial court had heard and denied Y.L.'s motion to reconsider dismissal of intervention).

Meanwhile, the trial court signed an order on Mother's motion to modify. Y.L. timely filed a notice of appeal from the order. Citing the doctrine of virtual representation, he complains that the order "specifically enjoins him." But since then, the trial court has signed an order removing Y.L. as an enjoined party. We therefore notified the parties that this appeal appears to be moot. We cautioned that we would dismiss the appeal for want of jurisdiction unless a party filed a response stating grounds for the appeal's continuing. *See* Tex. R. App. P. 42.3(a); *Stroik v. Stroik*, No.

---

[1]We use initials or aliases to refer to Appellant and to the children's family members. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]Y.L. is Mother's ex-husband and is not a parent of either child in this suit.

02-21-00207-CV, 2022 WL 5240394, at *2 (Tex. App.—Fort Worth Oct. 6, 2022, no pet.) (mem. op.) ("Courts must dismiss moot cases for want of jurisdiction."). Y.L. responded, but his response does not show grounds for continuing the appeal.[3]

Because a justiciable controversy no longer exists, Y.L.'s appeal is moot. *See Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016); *see also Gonzales v. Gonzales*, No. 11-19-00075-CV, 2021 WL 502843, at *1 (Tex. App.—Eastland Feb. 11, 2021, no pet.) (mem. op.) (noting that custody issues become moot when one parent dies). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *In re S.O.*, No. 02-23-00065-CV, 2023 WL 3643637, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op.) (dismissing appeal as moot after trial court vacated appealed-from order). Because we dismiss the appeal, we also deny Y.L.'s motions to expedite, to supplement the record, and to "Submit Cause for Appellate Review."

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 1, 2025

---

[3] Y.L. also raised the same appellate issues in a subsequently filed original proceeding, which we denied. *In re Y.L.*, No. 02-25-00098-CV, 2025 WL 757834, at *1 (Tex. App.—Fort Worth Mar. 10, 2025, orig. proceeding) (per curiam) (mem. op.).

3